**Raheen DAVIS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 08 Civ. 7515(VM).**

United States District Court, S.D. New York.

Sept. 4, 2008.

---

Raheen Davis, Brooklyn, NY, pro se.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Petitioner Raheen Davis ("Davis") brought this petition pursuant to 28 U.S.C. § 2255 to vacate his sentence under a judgment of conviction by which he was found guilty by a jury of distributing or possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 812, 841(a)(1), and 841(b)(1)(C). Davis is serving a sentence of 63 months of incarceration.

In support of his petition, Davis asserts that he was convicted on the basis of evidence fabricated and falsified by a police detective. Specifically, Davis claims that a cell phone which a police officer testified Davis had dropped during a chase that subsequently led to his arrest, and which was introduced at trial as a Government exhibit, did not belong to Davis. Davis requests an evidentiary hearing on the matter.

Having reviewed Davis's petition in the light of his trial and post-trial proceedings, the Court finds that the record shows that Davis is not entitled to relief. The grounds Davis raises as a basis for his application do not demonstrate sufficient merit to warrant any further proceedings, hence compelling summary denial of the petition. See 28 U.S.C. § 2255.

At trial, Davis raised his theory contesting the evidence the Government introduced concerning Davis's possession of the cell phone and the information retrieved from it, as well as the police officer's alleged falsification of the record. In convicting Davis, the jury findings with regard to credibility and weight of the evidence essentially rejected Davis's contention. The Court, in denying Davis's challenge to the evidence and the verdict, determined that a rational juror could have concluded beyond a reasonable doubt that the cell phone in question had been in Davis's possession prior to his arrest, and had not been tampered with by the police. Davis's petition offers nothing new or substantiated that warrants any further inquiry into the matter.

The Court further notes that Davis raised this issue in the direct appeal of his conviction to the Court of Appeals, and that the Circuit Court, affirming the judgment, rejected the argument. See United States v. Davis, slip. op. No. 07–2428–cr. (2d Cir. Aug. 20, 2008).

## ORDER

For the reasons stated above, it is hereby

**ORDERED** that the petition (Docket No. 1) of petitioner Raheen Davis ("Davis") to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED.

The Clerk of Court is directed to close this case.

As Davis has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2255(c).

**SO ORDERED.**